

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**IN THE COURT OF WORKERS' COMPENSATION CLAIMS**
**AT GRAY**

| | | |
|---|---|---|
| **EDWARD RICHARDS,** | ) | **Docket Number: 2024-20-3116** |
| **Employee,** | ) | |
| **v.** | ) | |
| **CNS Y 12,** | ) | **State File Number: 47154-2023** |
| **Employer,** | ) | |
| **And** | ) | |
| **INSURANCE COMPANY OF THE** | ) | **Judge Brian K. Addington** |
| **STATE OF PENNSYLVANIA,** | ) | |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER

The Court held an expedited hearing on November 20, 2024, to determine if Edward Richards is entitled to benefits for his knee injury. CNS denied the claim, arguing that Mr. Richards's bilateral knee condition was preexisting and that he was unable to prove that a specific work incident caused his injury. For the reasons below, the Court holds that Mr. Richards is not entitled to benefits.

### Claim History

CNS offered medical records showing that before the alleged injuries, Mr. Richards sought treatment for bilateral knee pain in October 2022. The knee pain lasted more than a month. He described it as constant pain that increased with bending and requested an orthopedic referral. A physician's assistant ordered an orthopedic evaluation and a nutrition referral, writing, "[His obesity] could be playing a role in his knee pain."

Later, in January 2023, Dr. Marina MacNamara, a primary care provider, noted Mr. Richards's past medical history of knee pain, his continued obesity, and that he should "[c]onsider nutrition referral in future. Could be playing a role in his knee pain."

At the time of the alleged injury, Mr. Richards worked as a journeyman electrician at the CNS facility in Oak Ridge. He testified that two incidents led to his knee condition.

1

The first incident occurred when he stumbled on an electrical wire sticking out of the ground.[1]

A week later, his knee began to feel "achy," and Mr. Richards mentioned his knee pain when he saw Dr. Eric Smith, another primary care provider, in June 2023. Mr. Richards reported pain in both knees lasting more than two weeks; however, the office note later emphasizes right-knee pain as a primary diagnosis. The note does not mention if an injury or incident caused his pain. Later that month, Dr. Smith again stated Mr. Richards should consider a nutrition referral, as it could be playing a role in his knee pain.

The second incident occurred on June 26, 2023. Mr. Richards stated he was exiting a bus at work and heard a "pop" from his knee. He reported the incident and was sent to an onsite clinic. He was given a physician panel, told they would make an appointment, and returned to his jobsite.

However, Mr. Richards testified he went to the hospital before he was seen by a panel doctor. The physician x-rayed his knee, referred him to an orthopedist, and placed him on light duty. He introduced no records from this visit.

CNS was unable to accommodate the restrictions. Mr. Richards testified he went to an orthopedist on his own and understood he might have a torn meniscus, but he again offered no medical records to confirm that diagnosis. CNS then informed him it had denied his claim because it did not have evidence of an injury.

Afterward Mr. Richards underwent an MRI of his left knee that showed a degenerative meniscus tear and osteoarthritis. This was the only medical record Mr. Richards offered about the alleged injury.

Mr. Richards argued that he was entitled to medical and temporary disability benefits. He acknowledged that he did not present any witnesses to his incidents to CNS, but he argued that he reported the incidents to CNS. He emphatically denied any preexisting knee problems.

CNS argued that Mr. Richards did not present witnesses to the incidents, was untruthful about his preexisting conditions, and that the Court should deny his request.

**Findings of Fact and Conclusions of Law**

Mr. Richards must show that he is likely to succeed at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2024). Mr. Richards must prove "a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is

---

[1] Mr. Richards did not testify to the date the first incident occurred.

identifiable by time and place of occurrence[.]" Further, he must also show that a physician has given the opinion that to a reasonable degree of medical certainty the employment contributed more than 50% in causing the need for medical treatment, considering all causes. Tenn. Code Ann. § 50-6-102(12)(A)-(D).

Mr. Richards's claim fails for several reasons.

First, the medical records contradict Mr. Richards's testimony. He testified that he did not have knee pain before the alleged work injuries. He denied any knee pain beginning in October 2022. However, the medical records document that he did. They also show he had bilateral knee pain up until the time of the alleged incidents at work.

Second, Mr. Richards never testified as to which knee he injured during the incidents. He simply stated his "knee." He offered no supporting affidavits or live witness testimony about the two alleged incidents. Although he obtained an MRI of his left knee, the Court cannot conclude at this time that he injured his left knee during the alleged incidents at work. Both knees were experiencing pain, mostly his right knee, after the first alleged incident.

Third, Mr. Richards did not present any medical evidence that he suffered an injury arising primarily out of his employment. CNS denied his claim because it found that he had preexisting conditions and he did not support his claim with witnesses. Thus, Mr. Richards was forced to seek treatment on his own, and if he wanted the Court to consider ordering CNS to offer medical benefits, he needed to submit a physician opinion stating that to a reasonable degree of medical certainty the employment contributed more than 50% in causing the need for medical treatment, considering all causes.

This is important because the Appeals Board has held, "Except in the most obvious, simple and routine cases, the claimant in a workers' compensation action must establish by expert medical evidence the causal relationship . . . between the claimant's injury (and disability) and the employment activity." *Albright v. Hercules HVAC Pads, Inc.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 66, at *13 (Dec. 20, 2018).

Mr. Richards saw other doctors after his injury, but he did not offer those medical records. He only presented the MRI report, which showed a degenerative meniscus tear and did not contain a causation statement. Mr. Richards bears the burden of proof. Tenn. Code Ann. § 50-6-239(c)(6). He did not carry this burden. Therefore, the Court holds that Mr. Richards is unlikely to prevail at a hearing on the merits that he is entitled to benefits.

**IT IS ORDERED AS FOLLOWS:**

1. Mr. Richards's requested relief is denied at this time.

2. This case is set for a status hearing on **January 28, 2025**, at **10:00 a.m.** Eastern time. You must call **855-543-5044** to participate.

**ENTERED December 3, 2024.**

/s/Brian K. Addington

_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**Appendix**

Exhibits:
1. Affidavit of Mr. Richards
2. MRI Report dated July 5, 2024
3. (Late filed) Medical records of MAHEC Family Health Center

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on December 3, 2024.

| Name | Certified Mail | Email | Service sent to: |
|------|------|------|------|
| Edward Richards, Employee | X | X | mojojoot@att.net<br>26 Mountain Brook Drive<br>Candler, NC 28715 |
| Laurie Ball, Employer's Attorney | | X | laurie.ball@pxy12.doe.gov<br>charis.malone@pxy12.doe.gov |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*